# Hoover v. Davila

C.P. of Lawrence County, no. 10174 of 2003 C.A.

*Daniel S. Soom,* for plaintiff.
*Francis Garger,* for defendant Davila.
*Brian W. DelVecchio,* for defendants Jurenovich, Uberti and Vermeire.

COX, *J.,* November 20, 2003—The plaintiff in the instant case, Larry J. Hoover, appeals from the order of court dated August 25, 2003, which denied the petition to open or strike entry of judgment of non pros filed by the plaintiff. The petition sought to open a judgment of non pros entered April 29, 2003. The parties were before this court for oral argument on the petition to open or strike entry of judgment of non pros on August 25, 2003. On the same day, this court entered an order of court denying the petition to open or strike entry of judgment of non pros. Plaintiff then filed this timely appeal.

The plaintiff, acting pro se, filed a complaint against the above-captioned four defendants on February 12, 2003, and the complaint was subsequently reinstated by the prothonotary of Lawrence County on March 10, 2003, and April 10, 2003. At no time, either at the filing of the complaint or within the 60-day time frame, did the plaintiff file the required certificate of merit as set forth in Pa.R.C.P. 1042.3(a). Due to the lack of the certificate of merit, on April 29, 2003, a praecipe for entry of judg-

ment of non pros pursuant to Rule 1042.6 was filed with the prothonotary of Lawrence County and on that date a judgment of non pros was entered against the plaintiff, Larry J. Hoover, in favor of the defendants Michael J. Jurenovich D.O., Edward J. Uberti D.O. and David A. Vermeire M.D. On May 21, 2003, the plaintiff, who had been representing himself pro se throughout the proceedings thus far, appeared in motion court before the Honorable Ralph D. Pratt, president judge, and presented a pleading entitled motion court petition dated May 21, 2003, which requested an extension of time to file the certificates of merit. At that time, President Judge Pratt concluded that the three defendants, Jurenovich, Uberti and Vermeire had already been dismissed from the case and issued a rule to show cause upon the defendant Davila to show why the requested extension of time to file a certificate of merit should not be granted. On June 16, 2003, the defendant Davila filed a timely response to the rule to show cause dated May 28, 2003. Subsequently, the plaintiff elected not to proceed pro se any further and obtained legal counsel, Daniel S. Soom, Esquire, who filed a petition to open or strike judgment of non pros on July 8, 2003, which contained certificates of merit dated July 3, 2003, to be filed against the defendants Jurenovich, Uberti and Vermeire as exhibits to said petition. No certificate of merit regarding the defendant Davila was filed at that time or attached to the petition to open or strike judgment of non pros. This court then scheduled an argument and hearing on the petition to open judgment or strike judgment of non pros and rule to show cause. Following argument, this court entered the order of court dated August 25, 2003, that denied

and dismissed the petition to open or strike entry of judgment of non pros filed with respect to defendants Jurenovich, Uberti and Vermeire, and denied and dismissed the motion for extension of time for filing a certificate of merit against defendant Davila.

Plaintiff raises two assignments of error in his statement of matters complained of pursuant to Pa.R.C.P. 1925(b). First, plaintiff claims that this court erred in interpreting Pa.R.C.P. 1042.3(a) with regard to the time frame for filing a certificate of merit or granting an extension for filing. Second, plaintiff also claims that this court erred by finding that the factors for granting relief from a judgment of non pros pursuant to Pa.R.C.P. 3051 did not apply to this professional liability action. This court will address both issues raised.

First, plaintiff alleges that this court erred in finding that Pa.R.C.P. 1042.3(a) is clear and that the rule requires the certificate of merit to be filed within 60 days of the initial filing of the complaint. Plaintiff believes that the 60-day time period should begin to run from the date the complaint was reinstated.

The rule states in pertinent part, "In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint, or within 60 days after filing the complaint, a certificate of merit. . . ." Pa.R.C.P. 1042.3(a). When interpreting a rule, the principles set forth in Rules 102 to 108 shall be observed, unless the application of such principles would result in a construction inconsistent with the manifest intent of the Supreme Court. Pa.R.C.P. 101. Words and phrases shall be construed ac-

cording to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or as are expressly defined by rule shall be construed according to such peculiar and appropriated or express meaning or definition. Pa.R.C.P. 103(a). [When] the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Pa.R.C.P. 127(b).

Plaintiff wishes for this court to interpret "within 60 days after filing the complaint" to mean "within 60 days after filing *or reinstating* the complaint." After using the rules set forth above to interpret the meaning of the word "filing," this court cannot subscribe to plaintiff's interpretation. The term "filing" is not specifically defined within the Rules of Civil Procedure[1] and thus it must be accorded its "common and approved usage." "Filing" is a form of the verb "file" which in the context of this case means, "To deliver an instrument or other paper to the proper officer or official for the purpose of commencing an action or other proceeding." Black's Law Dictionary, fifth ed., p. 322. *As the common and approved usage defines the term to mean the initial commencement of an action, the date upon which the 60-day time period must begin is the date of the initial filing.*

The term "reinstated" is not specifically defined in the Rules of Civil Procedure. However, a reading of Pa.R.C.P. 401(b), which pertains to reissuing a writ or reinstating a complaint, puts the term in perspective. The rule states in pertinent part, "[The] prothonotary upon praecipe and

---

1. See generally, Pa.R.C.P. 76 and Pa.R.C.P. 1042.1.

upon presentation of original process, shall *continue its validity* by reissuing the writ or reinstating the complaint. . . ." (emphasis added) The reinstatement of a complaint does nothing more than to continue its validity from the time of the original filing until the time service is made. It does not imply that reinstatement is a new beginning in and of itself.

Therefore, this court finds that the word "filing" is clear and free from all ambiguity. To attribute any other meaning to the word "filing" or to add the words "or reinstatement" to the rule promulgated by the Supreme Court would be to disregard the letter of the rule under the pretext of pursuing the spirit of the rule. Such an interpretation would fly in the face of Rule 127(b). Therefore, this court finds that the 60-day time period for filing a certificate of merit or for requesting an extension of time in the instant case must run from the date of the filing of the complaint which, in this case, is February 12, 2003.

After determining that the 60-day time period for filing a certificate of merit or requesting an extension of time began on February 12, 2003, it becomes clear that the entry of judgment of non pros on April 29, 2003 was not in error as the 60-day period would have ended on April 14, 2003. Nor was it error to fail to grant an extension of time as the 60-day time period had already elapsed by the time the plaintiff sought the extension through his motion on May 21, 2003. The rule clearly states that, "The motion to extend the time for filing a certificate of merit must be filed on or before the filing date that the plaintiff seeks to extend." Pa.R.C.P. 1042.3(d). It is no justification under the rule that plaintiff was proceeding

pro se. The rule clearly states, "the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint, or within 60 days after the filing of the complaint, a certificate of merit. . . ." Thus, by the time plaintiff filed his motion and sought legal counsel, the time for filing had already elapsed. Therefore, no error exists for failing to grant plaintiff's motion for an extension of time as the motion was not timely filed.

The plaintiff next claims that this court erred by failing to consider the factors for granting relief under Pa.R.C.P. 3051. This court did not err.

Pa.R.C.P. 1042.6(a) states, "The prothonotary, on praecipe of the defendant *shall* enter a judgment of non pros against the plaintiff for failure to file a certificate of merit within the required time provided that there is no pending timely filed motion seeking to extend the time to file the certificate." (emphasis added) The rule is clear and concise. If the defendant files a praecipe after the required time period and prior to the filing of the certificate of merit, the prothonotary is required to enter the judgment of non pros. There is no room in this rule for discretion.

Pa.R.C.P. 3051 applies to opening of judgments for "reasonable explanation or legitimate excuse for the inactivity or delay. . . ." Pa.R.C.P. 1042.6(a) leaves no room for discretion, alternative interpretations or for reasonable explanations and excuses. Therefore, this court has held that Pa.R.C.P. 3051 does not apply to a judgment of non pros entered pursuant to Pa.R.C.P. 1042.6(a). Pa.R.C.P. 1042.1 et seq. were designed and adopted to directly confront the crisis surrounding medical malprac-

tice claims in this Commonwealth. Without specific direction, this court will not interpret the language of these rules to permit a case to continue when the rules direct otherwise.

Furthermore, as Pa.R.C.P. 1042.3(a) applies to plaintiffs proceeding pro se as well as to those represented by counsel, this court finds that no reasonable explanation or legitimate excuse exists for the delay in filing the required certificates of merit.

For the reasons set forth, this court did not err in denying plaintiff's petition to open or strike entry of judgment of non pros. Therefore, plaintiff's appeal should be dismissed and the order of court affirmed.

### ORDER

Now, November 20, 2003, the court directs that the attached opinion be filed to satisfy the requirements of Pa.R.A.P. 1925(c). The prothonotary of Lawrence County is directed to immediately transmit the record to the Superior Court of Pennsylvania and serve a copy of the opinion upon counsel of record, Daniel S. Soom, Esquire, Francis Garger, Esquire, and Brian W. DelVecchio, Esquire.