## McAfee v. Pinnacle Health Systems

18

*Rob Bleecher,* for plaintiff.
*Sarah Arosell,* for defendants.

KLEINFELTER, *J.,* February 2, 2007—Before the court for disposition is plaintiff's petition to strike praecipe for judgment of non pros and, alternatively, petition to open the judgment of non pros.

Plaintiff initiated this action by writ of summons filed August 16, 2006. On November 3, 2006, plaintiff filed a complaint alleging that on August 20, 2004, two radiological technicians in defendants' employ caused injury to plaintiff's decedent while attempting to move her into a wheelchair for the purpose of transporting her to the radiology department for a chest x-ray.[1] On January 3, 2007, defendants filed a praecipe for entry of judgment of non pros pursuant to Rule 1042.6, averring that plaintiff had not filed a certificate of merit within 60 days of filing his complaint, as required by Pa.R.C.P. 1042.3.

---

1. Decedent was admitted to the hospital for a debridement procedure on her left foot to address diabetes-related problems.

The prothonotary entered a judgment of non pros in defendants' favor that same day.

On January 5, 2007, plaintiff filed the instant petition to open. On January 9, 2007, we issued upon defendants a rule to show cause why plaintiff is not entitled to the relief sought in his petition. Defendants filed an answer to our rule on January 29, 2007.

Plaintiff contends that the judgment of non pros should be stricken and the case re-opened because he was not obligated to file a certificate of merit pursuant to Rule 1042.3 since his complaint does not allege professional negligence. Rule 1042.3, pertaining to certificates of merit, states in relevant part:

"(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within 60 days after the filing of the complaint, a certificate of merit signed by the attorney or party that either

"(1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

"(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this

defendant is responsible deviated from an acceptable professional standard, or

"(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim." Pa.R.C.P. 1042.3(a). (notes omitted)

Plaintiff avers that "some or all of the claims" in his complaint "are not in the nature of a medical malpractice action, even though initially captioned as such." Therefore, he concludes that Rule 1042.3 is inapplicable.

In determining the types of claims for which a certificate of merit is necessary, the court is obliged to examine the averments made in the plaintiff's complaint. *Grossman v. Barke,* 868 A.2d 561 (Pa. Super. 2005). Here, plaintiff makes averments regarding injuries sustained while decedent was under the care of defendants, whom plaintiff identifies as a "licensed healthcare facility providing medical services." (Complaint, paragraph 3.) Thus, on its surface, plaintiff's complaint clearly alleges medical malpractice.

The distinction between ordinary negligence and medical malpractice is as follows:

"A medical malpractice claim is distinguished by two defining characteristics. First, medical malpractice can occur only within the course of a professional relationship. Second, claims of medical malpractice necessarily raise questions involving medical judgment. Claims of ordinary negligence, by contrast, raise issues that are within the common knowledge and experience of the [fact-finder]. Therefore, a court must ask two fundamental questions in determining whether a claim sounds in

ordinary negligence or medical malpractice: (1) whether the claim pertains to an action that occurred within the course of a professional relationship; and (2) whether the claim raises questions of medical judgment beyond the realm of common knowledge and experience. If both these questions are answered in the affirmative, the action is subject to the procedural and substantive requirements that govern medical malpractice actions." *Ditch v. Waynesboro Hospital,* 917 A.2d 317, 322 (Pa. Super. 2007).

In making such a distinction in this case, we are guided by the court's decision in *Ditch.* There, plaintiff's decedent (Ms. Verdier) suffered a stroke and was taken to the emergency department at defendant Waynesboro Hospital. While being moved from the emergency department to a hospital room for further treatment, Ms. Verdier fell from her hospital bed, striking her head on the floor. Ms. Verdier died three days later due to a subdural hematoma brought about by her head injuries.

Plaintiff's complaint averred that the hospital, acting through its employees and agents, caused Ms. Verdier's death by failing to properly restrain her, failing to properly train hospital staff with regard to patient transportation procedures, and in leaving Ms. Verdier alone while she was being transported. The hospital filed a praecipe for entry of judgment of non pros pursuant to Rule 1042.6 for failing to file a certificate of merit and the trial court granted this motion. Subsequently, the trial court denied plaintiff's petition to open and/or strike the judgment of non pros, finding that the complaint raised a professional negligence claim and, therefore, required a cer-

tificate of merit. The Superior Court affirmed, holding that when a plaintiff's case is stricken for failure to file a certificate of merit pursuant to Rule 1042.3, plaintiff cannot successfully petition to reopen the case by arguing that a certificate of merit was unnecessary because the complaint merely raised an ordinary negligence claim, where a fair reading of the entire complaint leads the court to conclude that the complaint should be characterized as one sounding in medical malpractice.

As in the case at bar, plaintiff in *Ditch* alleged that her action was one of ordinary negligence, akin to a slip and fall action, and that it did not raise a claim of professional negligence or assert that the hospital deviated from an accepted professional standard of care. However, the court found that even though plaintiff did not allege that Ms. Verdier was receiving medical treatment at the time she was being transferred from the emergency room to a hospital room, her claim arose out of a professional relationship because "the conduct at issue constituted an integral part of the process of rendering medical treatment." *Ditch, supra* at 323.

Further, the court did not agree with plaintiff's contention that expert testimony was unnecessary to prove that the hospital was negligent for failing to properly restrain Ms. Verdier and for failing to properly train its staff in the proper procedures in transporting patients. Specifically, the court noted that "while our courts have not explicitly reached the issue of whether expert testimony is needed to determine whether a patient should be restrained, a review of other jurisdictions reveals a majority have concluded that it is a complex medical determi-

nation which requires expert testimony to educate juries as to the proper standard of care." *Id.* at 324. The court also found that a layperson would be unfamiliar with the effects of a stroke and the procedures in moving and monitoring stroke patients.

Turning to the case at bar, we find that the conduct at issue here is substantially similar to that in *Ditch.* Thus, we have no trouble finding that the alleged negligence occurred within the course of a professional relationship. Additionally, we note in his complaint plaintiff alleges that "[d]efendant's agents did not employ standard procedures required under the circumstances in effecting the transport of decedent and thereby failed to exercise the standard of care required." (Complaint, paragraph 9.) Plaintiff further avers that defendants "[f]ailed to properly hire, train, and supervise those members of the radiology department who were in any way involved in transporting decedent to the radiology department" and that they "[f]ailed to follow normal and acceptable hospital policies, practices, and procedures for the transportation of patients of similar size, age, and physical condition as decedent." (Complaint, paragraph 16.) These averments, referencing standard hospital policies and procedures, as well as an appropriate standard of care, clearly sound in medical malpractice.[2]

Furthermore, pursuant to *Ditch,* we find that expert testimony will likely be necessary here to assist the factfinder in understanding the effects of decedent's diabetic condition and the proper procedures in moving and

2. We also note that plaintiff captions his action "civil action-medical professional liability action . . . ."

transporting a patient in her condition. Accordingly, we conclude that the instant lawsuit is a professional negligence action for which the certificate of merit requirement of Pa.R.C.P. 1042.3 is applicable.

While plaintiff correctly states that only claims of professional negligence are subject to the requirements of Rule 1042.3, we disagree with his assertion that his action also contains non-medical malpractice claims. Plaintiff's complaint contains a 16-paragraph factual recitation which, as stated above, clearly sounds in medical malpractice, followed by "Count I, survival action" and "Count II, wrongful death." Counts I and II merely incorporate by reference the previous factual recitation, aver damages and make a demand for judgment. No other claims are stated.

Finally, we find no merit to plaintiff's contention that his non-compliance with Rule 1042.3 can be excused pursuant to Pa.R.C.P. 126.[3] See *Womer v. Hilliker,* 589 Pa. 256, 908 A.2d 269 (2006) (plaintiff who made no attempt to comply with Rule 1042.3 could not have "substantially complied" with it pursuant to Rule 126 so as to be entitled to relief from a judgment of non-pros).

We enter the following:

---

3. Rule 126 states that "[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

## ORDER

And now, February 2, 2007, upon consideration of plaintiff's petition to strike praecipe for judgment of non pros and, alternatively, petition to open the judgment of non pros, it is hereby ordered that said petition is denied.