**James HARRIS, Individually and as Administrator of the Estate of Dimetrius Stratton**

v.

**Kenneth NEUBURGER, M.D. and Maria P. Childers, M.D., Thomas Jefferson University Hospital and Aaron Weiss, M.D.**

**Appeal of: Thomas Jefferson University Hospital and Aaron Weiss, M.D.**

Superior Court of Pennsylvania.

Argued May 25, 2005.
Filed June 22, 2005.

Barbara S. Magen, Philadelphia, for appellant.

Paul E. Peel, Plymouth Meeting, for Neuburger, appellee.

Susan Danielski, Philadelphia, for Harris, appellee.

V.P. dePillis, Philadelphia, for Childers, appellee.

BEFORE: DEL SOLE, P.J.; BENDER and OLSZEWSKI, JJ.

OPINION BY OLSZEWSKI, J.: ·

¶ 1 Appellants, Thomas Jefferson University Hospital and Aaron Weiss, M.D., challenge the order of August 17, 2004, granting the motion to open judgments of non-pros filed by appellee, James Harris.[1] Appellants claim that the lower court erred in opening the judgments of non-pros and allowing the case to continue. We affirm.

¶ 2 The relevant factual history is as follows. Appellee initiated this action on April 5, 2004, alleging that appellants failed to properly treat the asthma of the decedent, Dimetrius Stratton, resulting in his death. Lower Court Opinion, 12/28/2004, at 1. Prior to filing suit, appellee obtained expert reports from Marc M. Levine, M.D., a Board Certified Emergency Room Physician. *Id.* at 1–2. These reports concluded that appellants breached the standard of care in their treatment of Mr. Stratton, seventeen years old at the time, leading to his death. *Id.* at 2. Appellee delivered these reports to Thomas Jefferson University Hospital, and the reports identified the hospital's employee doctors as part of the forthcoming lawsuit. *Id.* Appellee obtained an additional expert report from Alan Rushton, M.D., Ph.D., a Board Certified Pediatrician. *Id.* This

---

1. James Harris brought suit individually and as Administrator of the Estate of Dimetrius Stratton, deceased.

report also concluded that appellants breached the standard of care for hospitals and physicians, and that such conduct was a substantial factor in the death of Mr. Stratton. *Id.*

¶ 3 Thereafter, as appellee had failed to file the required certificate of merit under Pa.R.C.P. 1042.3(a) within sixty days of the filing of his complaint, appellants filed praecipes to enter judgment of non-pros pursuant to Pa.R.C.P. 1042.6. *Id.* After the lower court entered the requested judgments of non-pros, appellee then petitioned to open the judgments, arguing substantial compliance with the underlying rule of civil procedure. *Id.* The lower court granted appellee's petition. Docket Report, at 5. Appellants immediately filed a motion for stay of proceedings and certification of appeal for review under 42 Pa. C.S.A. § 702(b),[2] which was denied. *Id.* at 6. Appellants then directly applied to this Court under Pa.R.A.P. 1781 for a stay of proceedings and for appellate review. Per Curiam Order, 10/25/2004. We initially granted the stay, pending disposition of the petition for review, and we subsequently granted the petition for review as an appeal by permission. Per Curiam Order, 10/25/2004; Per Curiam Order, 11/16/2004. This appeal follows.

■ ¶ 4 Appellants claim that the lower court erred and abused its discretion in granting appellee's motion to open the judgments of non-pros. Appellants' Brief, at 7. Appellants argue that the underlying judgments of non-pros were properly entered because appellee failed to comply with the requirements mandated by Pa. R.C.P. 1042.3, which requires the filing of

the certificate of merit within sixty days of the filing of the complaint. *Id.* Additionally, appellants contend that appellee failed to establish a reasonable excuse for the non-compliance, failed to demonstrate a meritorious cause of action, and therefore failed to meet the elements for opening a judgment of non-pros. *Id.* We disagree.

¶ 5 We review a lower court's decision regarding a petition to open a judgment of non pros under the standard that such a decision "rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion or an error of law." *Tucker v. Ellwood Quality Steels Co.,* 802 A.2d 663, 664 (Pa.Super.2002).

¶ 6 Once a judgment of non pros has been entered, the burden rests on the former plaintiff "to demonstrate that there is 'good cause' for reactivating the case." *Setty v. Knepp,* 722 A.2d 1099, 1101 (Pa.Super.1998). In order to successfully set aside the termination of an action, "the aggrieved party must demonstrate that: (1) the petition for reactivation was timely filed; (2) a reasonable explanation exists for the docket inactivity; and (3) facts exist supporting a meritorious cause of action." *Id.*

¶ 7 Appellee acknowledges both that Pa. R.C.P. 1042.3(a) requires the filing of a certificate of merit within sixty days of the filing of a complaint in a medical professional liability case, and that he failed to file the certificate in the instant matter. Appellee's Brief, at 12–13. Nevertheless, appellee argues that he substantially complied with the rule by providing to appellants, well in advance of the expiration of the time limit under the rule, not just an

---

**2.** 42 Pa.C.S.A. § 702(b) states that "when a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial grounds for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order."

affidavit certifying that an expert report exists, but the actual expert reports, themselves, as well as the curriculum vitae of the authors of the reports. *Id.*

¶ 8 Ultimately, the lower court agreed. The court determined that appellee's petition to open the judgments of non-pros, filed within a week of the entry of the judgments, was timely; that appellee erroneously, but reasonably, believed that he had complied with the requirements of the certificate of merit rule by exceeding the elements and underlying purpose of the rule; and that based on the multiple expert reports, appellee had shown a meritorious cause of action. Lower Court Opinion, at 3–4.

¶ 9 Initially, we note that appellee satisfied the timeliness requirement by immediately filing his motion to open the judgments of non-pros. Additionally, appellee's detailed expert reports, furnished to appellants, present, at least facially, a meritorious cause of action. The dispositive question, then, is whether appellee reasonably explained the lack of compliance with Rule 1042.3.

■ ¶ 10 Pa.R.C.P. 1042.3 requires that "in any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff ... shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit ..." Pa.R.C.P. 1042.3(a). This certificate is to state that "an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm."[3] *Id.* Clearly, the underlying

purpose of this rule is to prevent the filing of baseless medical professional liability claims.

¶ 11 Given the factual circumstances of this matter and our standard of review, the grant of appellee's motion to open the judgments of non-pros was proper. The lower court's decision is additionally supported by both equitable principles and Pa.R.C.P. 126, which provides that "the [the rules of civil procedure] shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable ... the court at every stage of any such proceeding may disregard any error or defect or procedure which does not affect the substantial rights of the parties." While Rule 1042.3 provides for a generous time period before the required filing of the certificate of merit, and while the rule allows for unlimited time extensions, in the context of this case, the lower court ruled, and we agree, that it was not wholly unreasonable for appellee to have concluded that his actions represented substantial compliance with the certificate of merit rule. As the lower court noted, appellee "provided [appellants], prior to the required filing of the certificate of merit, not just an attorney's affidavit, but the reports, themselves." Lower Court Opinion, at 4. We agree that since appellee has satisfied the purpose of Rule 1042.3, he should not be barred from his day in court because he mistakenly, but reasonably, believed he had met his obligation. The lower court did not abuse its discretion, and the court properly granted appellee's motion to open the judgments of non-pros.

¶ 12 Order AFFIRMED.

---

3. Rule 1042.3 also contains alternative provisions not presently relevant.