**Bertovich v. Brownsville Hospital**

*John Batchelder,* for plaintiff.
*Paul J. Walsh III* and *Rodger L. Puz,* for defendants.

BELL, *J.,* October 18, 2005—Before the court is plaintiff's petition requesting relief from judgment of non pros. On June 10, 2005, a judgment of non pros was entered against plaintiff for failure to file a certificate of merit, in violation of Pa.R.C.P. 1042.3. On June 22, 2005, plaintiff presented oral argument in support of her petition requesting relief from judgment of non pros, and defendants presented oral argument in opposition thereto. On September 15, 2005, plaintiff formally filed her petition requesting relief from judgment of non pros. Additionally, the court has reviewed the briefs submitted by the parties in support of their respective positions. For the reasons discussed below, plaintiff's petition requesting relief from judgment of non pros will be denied.

Pennsylvania Rule of Civil Procedure 3051, entitled "Relief from judgment of non pros," provides as follows:

"(a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

"(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that:

"(1) the petition is timely filed,

"(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

"(3) there is a meritorious cause of action."

Although plaintiff's petition was timely filed, she has failed to provide a reasonable explanation or legitimate excuse for her inactivity with regard to obtaining a certificate of merit. She has similarly failed to establish whether this is a meritorious cause of action.

An examination of the relevant case law reveals that the Pennsylvania Superior Court has determined occurrences such as the grave illness and passing of counsel's mother to be a "reasonable explanation" for a plaintiff's failure to file a certificate of merit, *Almes v. Burket,* 881 A.2d 861 (Pa. Super. 2005). The Superior Court has also held that "substantial compliance" with Pa.R.C.P. 1042.3 constitutes a "legitimate excuse" for failure to comply with the rule where plaintiff provided defendant with an expert report and thus reasonably believed he was in compliance with the rule. *Harris v. Neuburger,* 877 A.2d 1275 (Pa. Super. 2005). Plaintiff properly cites *Harris,* stating:

"The plaintiff in *Harris,* the Superior Court found, had satisfied the underlying reason for the rule at issue and should not be denied his day in court due to a reasonable but mistaken belief that he need not file a certificate of merit." Plaintiff's supplemental brief in support of petition requesting relief from judgment of non pros, p. 2.

However, what distinguishes *Harris* from the instant case is that there, although the plaintiff had not yet filed his certificate of merit, he was found to have "substantially complied" with Pa.R.C.P. 1042.3 as he had already obtained expert reports and turned them over to the de-

fendant. Ms. Bertovich has not presented any evidence that she has, as of yet, obtained any expert reports. The Superior Court in *Harris* went on to state that "[c]learly, the underlying purpose of [Rule 1042.3] is to prevent the filing of baseless medical professional liability claims." *Harris* at 1278. In the instant case, plaintiff cannot establish that her failure to file a certificate of merit can be reasonably explained or legitimately excused. In fact, the only reasons plaintiff proffers for her failure to file a certificate of merit are as follows: (1) because she framed her case as an ordinary negligence claim instead of a professional negligence claim, the need for a certificate of merit is negated, and (2) her financial resources are extremely limited and, for that reason, she is attempting to keep litigation costs to a minimum.

Plaintiff cannot circumvent the requirement that she file a certificate of merit simply by framing what would otherwise be a professional negligence case as an ordinary negligence case. If the court were to permit her to do so, the purpose of Rule 1042.3—preventing the filing of baseless litigation claims against medical professionals—would be thwarted. Whenever, as here, a complaint is predicated on facts involving diagnosis, care, and treatment by licensed professionals, the action is necessarily characterized as a professional negligence action. *Yee v. Roberts,* 878 A.2d 906, 912 (Pa. Super. 2005). Finally, although the court is mindful of the inherent expenses associated with pursuing any type of legal action, it fails to comprehend how plaintiff could continue to "reasonably" believe that she need not file a certificate of merit from the date the non pros was entered until the present.

For all of these reasons, plaintiff's petition is denied.

## ORDER

And now, October 18, 2005, after argument and in consideration of plaintiff's petition requesting relief from judgment of non pros and the response thereto, plaintiff Loretta Bertovich's petition is denied.