**Sabo v. Worrall**

C.P. of Allegheny County, no. GD06-005888.

*Ralston S. Jackson,* for plaintiff.
*John W. Jordan IV,* for defendant.

WETTICK, *A.J.,* January 24, 2007—Plaintiff's petition to open judgment of non pros is the subject of this opinion and order of court.

Plaintiff filed a complaint on June 16, 2006. No certificate of merit was filed with respect to any defendant. On August 17, 2006, defendants filed a praecipe for the entry of a judgment of non pros pursuant to Pa.R.C.P. 1042.6.

On August 25, 2006, plaintiff served a petition to open the judgment, and on September 7, 2006, her attorney

served an affidavit in support of the petition. The petition and the affidavit contain averments that plaintiff's attorney received a report from Dr. Gary J. Sprouse on February 27, 2006 stating that the care rendered by defendants fell below the standard of care and caused decedent's injuries.[1] The petition and the affidavit of plaintiff's counsel also contain averments that within several days after the complaint was filed, certificates of merit were prepared and placed in the file. After counsel reviewed the certificates of merit, he believed that they were filed with the prothonotary. He had assumed that they had been filed by his paralegal until he received notice of the entry of the non pros judgments.

Prior to the ruling of the Pennsylvania Supreme Court in *Womer v. Hilliker,* 589 Pa. 256, 908 A.2d 269 (2006), it was my practice to open a judgment of non pros entered for failure to file a certificate of merit, if the attorney for the petitioner could establish that he or she had obtained, prior to the date upon which a judgment of non pros could be entered for failure to file a certificate of merit, a written statement from an appropriately licensed professional that there exists a reasonable probability that the care, skill, or knowledge exercised or exhibited in the treatment, practice, or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm. This practice was consistent with the opinion of the Superior Court in *Harris v. Neuburger,* 877 A.2d 1275 (Pa. Super. 2005). In that case, prior to filing a medical malpractice action, the attorney for the plaintiff had delivered to the defendants' counsel an expert report,

---

1. The November 6, 2006 deposition of Dr. Sprouse supports this allegation.

which apparently complied with Pa.R.C.P. 1042.3(a)(1). The court ruled that since the petitioner had satisfied the purpose of Rule 1042.3, the petitioner should not be barred from his day in court.

Under my practice, a plaintiff who sought to have a judgment of non pros opened on the ground that the petitioner's attorney had fulfilled the underlying purpose of the rule needed to establish that he or she had obtained, prior to the expiration of the 60-day period, a report complying with the requirements of Rule 1042.3(a)(1).[2] This meant that the petitioner was required to produce the expert report and the defendant could challenge the report on the ground that it would not support the filing of a certificate of merit.

In *Womer v. Hilliker, supra,* the Pennsylvania Supreme Court addressed a fact situation almost identical to the fact situation in *Harris v. Neuberger, supra.* The Supreme Court ruled that the trial court erred in opening a Rule 1042.6 judgment of non pros because the petitioner had not complied with the requirement that a certificate of merit be filed within 60 days after the filing of the complaint.

In *Womer,* the court rejected the argument that a judgment of non pros may be opened where the purpose for the rule had been satisfied. Consequently, my practice of opening a judgment of non pros where the petitioner could show that he or she had satisfied the purpose of Rule 1042.3 is inconsistent with *Womer.*

---

2. I imposed this requirement because the excuse offered by the plaintiff's counsel is that he or she was in a position to file, prior to the entry of the judgment of non pros, a certificate of merit based on an appropriately written statement filed by an appropriately licensed professional.

In *Womer,* the Supreme Court stated:

"This does not mean, however, that a plaintiff who, like Womer, fails to file a Rule 1042.3 COM and against whom a Rule 1042.6 judgment of non pros is entered, has no avenue by which to save his action. Under Pa.R.C.P. 3051, which allows a trial court to grant relief from a judgment of non pros, such a plaintiff has the opportunity to demonstrate that his failure to follow Pa.R.C.P. 1042.3 should be excused. In that the nature of an appeal under Pa.R.C.P. 3051 is equitable, and is a matter of grace and not of right, Pa.R.C.P. 3051 is then yet another means by which Pa.R.C.P. 1042.3 is subject to equitable considerations." 908 A.2d at 279. (citation omitted)

In *Womer,* the plaintiff could not comply with the requirement of Pa.R.C.P. 3051 that there be a reasonable explanation or legitimate excuse for the inactivity or delay because the Supreme Court ruled that Womer took no steps to comply with Rule 1042.3. In the present case, on the other hand, the facts as alleged by plaintiff's counsel support a finding that plaintiff's counsel was aware of the requirements of Rule 1042.3 and made an effort to comply with these requirements. Thus, petitioner must have the opportunity pursuant to Rule 3051 to establish that there is a reasonable explanation or legitimate excuse for the failure to file a certificate of merit. This raises both questions of fact and questions of law because it is my impression that the case law governing when the failure of an attorney to timely file a complaint (or a responsive pleading to a complaint) will be excused is very fact specific.[3] The parties will brief this issue.

---

3. This case differs from the case in which the petitioner, who has not obtained a written statement from an appropriately licensed professional, did not file a motion to extend the time for filing the certificate

Also, because of my prior rulings that the requirement of a reasonable excuse requires a showing that the written statement obtained prior to the entry of a judgment of non pros will support the filing of a certificate of merit, there is a second issue of fact and of law. As to this issue, the defendants should have the opportunity to submit deposition testimony and a brief in support of their position that the report upon which the plaintiff's counsel relies will not support the filing of a certificate of merit.[4]

For these reasons, I enter the following order of court:

## ORDER

On January 24, 2007, it is hereby ordered that a rule is issued to show cause why plaintiff's petition to open judgment of non pros should not be granted. Defendants shall file an answer within 20 days. This petition shall be decided under Pa.R.C.P. 206.7. Depositions shall be completed within 60 days of this date. Plaintiff's brief

---

of merit pursuant to Rule 1042.3(d) prior to the entry of the judgment. In that case the petitioner cannot establish a reasonable explanation or legitimate excuse for the inactivity because the petitioner did not mistakenly believe that he or she had filed a certificate of merit and can seldom offer a reasonable explanation as to why the petitioner did not, within the 60-day period, file a motion to extend the time for filing the certificate of merit. *Moore v. John A. Luchsinger, P.C.,* 862 A.2d 631 (Pa. Super. 2004).

4. Defendants contend that a written statement of Dr. Sprouse, an internist, cannot support a certificate of merit as to causes of action against a board certified orthopedic surgeon (Dr. Worrall) or a board certified emergency physician (Dr. Desilva). See Rule 1042.3(a)(1), which requires a written statement from "an appropriately licensed professional," which in a note accompanying this rule is defined as an expert that would be permitted to testify at trial.

on the Rule 3051 issue and defendants' brief on the sufficiency of the expert's report are due 15 days thereafter. Reply briefs are due seven days after that. Argument will be held on April 5, 2007 at 1:30 p.m. in courtroom 815 of the City-County Building, Pittsburgh, PA.