**Edward C. LECKEY, Respondent**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Petitioner.**

Supreme Court of Pennsylvania.

Dec. 30, 2008.

### *ORDER*

PER CURIAM.

**AND NOW,** this 30th day of December, 2008, PennDOT's Petition for Allowance of Appeal is hereby **GRANTED;** the order of the Commonwealth Court is **VACATED,** and the matter is **REMANDED** for reinstatement of the order granting nonsuit in favor of PennDOT. *See Womer v. Hilliker*, 589 Pa. 256, 908 A.2d 269, 278 (2006) (Pa.R.C.P. 126 is available to party a who

upholding the statute, the Court expressly rejected the assertion that it materially interferes with the inherent power of the judiciary, noting that similar restrictions on federal courts have not interfered with judicial administration. *See id.* at 411, 178 A. at 295 (citing *Michaelson v. United States*, 266 U.S. 42, 65, 45 S.Ct. 18, 20, 69 L.Ed. 162 (1924)). Although this decision did not consider the Court's exclusive rulemaking power under Article 5, Section 10 (as this section was not yet in existence), it found the statute governing indirect criminal contempt to be a valid limitation on the court's chancery powers. *See id.* at 411–12, 178 A. at 295.

makes substantial attempt to conform to rule of civil procedure, not to a party who disregards rule's terms entirely and determines for himself what steps he can take to satisfy rule's requirements).