J-A14001-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

CHERLENE GUDALEFSKY, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. :
:
DR. JOHN NIPPLE, PHYSICIAN WITH :
COMMUNITY GENERAL OSTEOPATHIC :
HOSPITAL, : No. 1696 MDA 2014

Appellee

Appeal from the Order September 8, 2014
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2013-CV-10101-MM

BEFORE:  BENDER, P.J.E., JENKINS, J., and STRASSBURGER, J.*

CONCURRING STATEMENT BY STRASSBURGER, J.:     **FILED JUNE 16, 2015**

I concur in the result because the Majority is correct that ***Womer v. Hilliker***, 908 A.2d 269 (Pa. 2006) controls.

I write separately because I believe the result in ***Womer*** is very harsh, as Justice Baer's dissent points out.  In that case, while a certificate of merit was not timely filed, the defendant received more from the plaintiff than what a certificate of merit would have provided.  The certificate of merit is merely the plaintiff or attorney stating, in essence:  "I have a report from a licensed professional that the defendant breached the standard of care and that breach was a cause of the plaintiff's harm."  In ***Womer***, the plaintiff's attorney had supplied the defendant with an actual report from an expert doctor.  Likewise, in the instant case, the plaintiff supplied an actual report

* Retired Senior Judge assigned to the Superior Court.

from a doctor. Neither the **Womer** defendant nor the instant defendant was prejudiced in the slightest by the absence of a certificate of merit. Rather, both benefitted from having the actual report.

Therefore, I reluctantly concur in the result.