# Baker v. Kindred Healthcare Inc.

*Gary A. Butler,* for plaintiff.
*John A. Bass,* for defendants.

KUNSELMAN, *P.J.,* June 13, 2007—In this matter, plaintiff has filed a petition for rule to show cause why judgment of non pros should not be opened. For the following reasons, the petition will be granted and the judgment of non pros will be opened.

The basic facts and procedural history of this matter are as follows. Plaintiff filed a complaint on December 29, 2006, alleging one count of negligence, one count of breach of fiduciary duty, one count of violation of the Unfair Trade Practices and Consumer Protection Law, one count of violation of the Neglect of Care-Dependant Person Statute, and one count of negligent misrepresentation. In her complaint, plaintiff alleges that Stella S. Radabaugh received improper care that allegedly resulted in her death while a patient at a nursing home facility. Plaintiff delivered certificates of merit to Federal Express in Philadelphia on February 26, 2007 for overnight service to the Beaver County Prothonotary's office. The certificates of merit were received by the Beaver County Prothonotary's office on February 27, 2007. The prothonotary returned the certificates of merit to counsel for the plaintiff because they had not been accompanied by a service fee of $1 per page. The defendants proceeded to enter judgments of non pros pursuant to Pa.R.C.P. 1042.6. Plaintiff filed the certificates electronically on March 1, 2007, and then petitioned the court to open the judgment.

In support of her position that the judgment of non pros should be opened, plaintiff argues that the certifi-

cates of merit are deemed to be filed when received by the proper officer of the court; that they substantially complied with Pa.R.C.P. 1042.3; that the prothonotary's office violated Rules 205.1 and 205.2 of the Pennsylvania Rules of Civil Procedure by erroneously rejecting the certificates; and that Beaver County Local Rule 205.4 mandated that the prothonotary's office upload the certificates into the electronic filing system.

In response, defendants note that in accordance with Pa.R.C.P. 1042.6, plaintiff's failure to file a timely certificate of merit entitled them to seek judgments of non pros. Further, defendants assert that plaintiff has not set forth a reasonable or justifiable excuse for her delay in filing the certificates of merit pursuant to Pa.R.C.P. 3051(b). Specifically, defendants point out that when plaintiff mailed her certificates to the prothonotary's office, she failed to include the appropriate filing fee in accordance with Local Rule 205.4(2) and Pa.R.C.P. 205.1. Also, defendants argue that plaintiff did not substantially comply with Pa.R.C.P. 1042.3.

Initially, we note that in accordance with Rule 1042.3, a certificate of merit must be filed within 60 days after the filing of the complaint in a professional liability action. Pa.R.C.P. 1042.3(a). Further, we note:

"*Rule 3051. Relief from judgment of non pros.*

"(a) Relief from a judgment of non pros shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

"(b) If the relief sought includes the opening of the judgment, the petition shall allege facts showing that

"(1) the petition is timely filed,

"(2) there is a reasonable explanation or legitimate excuse for the inactivity or delay, and

"(3) there is a meritorious cause of action." Pa.R.C.P. 3051.

In *Womer v. Hilliker,* 589 Pa. 256, 908 A.2d 269 (2006), our Supreme Court considered whether a plaintiff in a medical malpractice action was entitled to have a judgment of non pros opened after the plaintiff failed to timely file a certificate of merit. In *Womer,* the plaintiff did not file a certificate of merit within 60 days of the filing of the complaint, and did not file a motion to extend the time for the filing of a certificate. In his motion to open judgment of non pros, the plaintiff asserted that he had served the defendant with an expert report within 60 days of the filing of the complaint and therefore substantially complied with Rule 1042.3. The trial court denied the plaintiff's motion; the Superior Court reversed, remanding the case back to the trial court. The Supreme Court reversed the Superior Court, concluding that the plaintiff failed to take any action to comply with Rule 1042.3(a) in a timely manner. 589 Pa. at 274, 908 A.2d at 280. The court stated:

"In our view, Hilliker's position is the correct one, since Womer took no steps to comply with Pa.R.C.P. 1042.3. Rule 1042.3 is clear and unambiguous in its mandate that in every professional liability action a specific representation about the plaintiff's claim must be filed in the official record in a document called a 'certificate of merit' at the time the complaint is filed or within 60 days thereafter. Pa.R.C.P. 1042.3(a). Pa.R.C.P. 1042.8 provides that 'the certificate required for filing

by Rule 1042.3(a) shall be substantially in the following form . . . ,' and displays a sample COM that shows precisely what Rule 1042.3 requires. Moreover, Pa.R.C.P. 1042.3(d), which allows for the filing and granting upon good cause shown of a motion to extend the time for filing a COM, sets forth the one and only step that a plaintiff is to take if he finds himself unable to secure a COM and desires to avoid the consequences of not satisfying Rule 1042.3(a)'s COM filing requirement in a timely fashion. Womer, however, did nothing of the sort. Rather, he served discovery materials on Hilliker, which included an expert report. In our view, this was no procedural misstep within the meaning of Pa.R.C.P. 126. It was instead, a wholesale failure to take any of the actions that one of our rules requires, of the type that we have heretofore refused to overlook under Rule 126. See *Sahutsky,* 782 A.2d at 1001." [1] *Womer,* 589 Pa. at 271, 908 A.2d at 278.

The court further stated: "[t]herefore, we conclude that Womer did not substantially comply with Pa.R.C.P. 1042.3 for purposes of Pa.R.C.P. 126's application, and hold that the Superior Court erred in including Pa.R.C.P. 126 as a factor in its analysis as to whether the trial court correctly denied Womer's request that the judgment of non pros be opened." *Id.* Moreover, the Supreme Court noted that pursuant to Pa.R.C.P. 3051, "a plaintiff has the opportunity to demonstrate that his failure to follow Pa.R.C.P. 1042.3 should be excused." 589 Pa. at 272, 908 A.2d at 279. The court determined that the trial court was within its discretion to hold that the plaintiff had not

---

1. *Sahutsky v. H.H. Knoebel Sons,* 566 Pa. 593, 782 A.2d 996 (2001).

set forth a reasonable excuse in accordance with Pa.R.C.P. 3051 for not filing a certificate of merit. *Id.* at 278, 908 A.2d at 280.

However, the factual scenario of the case before this court is distinguishable from the facts presented in *Womer.* On November 6, 2006, this court issued an order adopting a local rule to provide for the implementation of an electronic filing system. The relevant portions of Beaver County Local Rule 205.4 are as follows:

"(2) All legal papers must be filed electronically in accordance with the schedule hereinafter set forth. For all cases pending on the effective date for electronic filing for that category of cases, the filing party shall also provide the prothonotary with a hard copy of each legal paper filed electronically. Filing parties must register with Lexis-Nexis File and Serve at the website set forth in subpart 1, unless the filer is not represented by an attorney. Should any party or attorney deliver a legal paper to the prothonotary in hard copy for filing, the prothonotary shall electronically upload the legal paper to Lexis-Nexis File and Serve and may assess a filing fee and service fee for the same. All filing parties shall also file a written request for notice of the entry of an order or judgment by electronic means.

"(a) In addition to all other applicable fees, the prothonotary is authorized to collect an automation fee of $5 for each initial filing and the sum of $1 per page for each page of a legal paper which is not presented in electronic format. The prothonotary shall not accept a legal paper for filing prior to payment of or the satisfactory arrangements for payment of the required fees. The prothonotary may delegate the collection and disburse-

ment of fees to Lexis-Nexis File and Serve." L.R. 205.4(2)(a).

Based upon this local rule, the prothonotary may charge an *automation* fee of $5 for an initial filing and a fee of $1 per page for a document not presented to the office in electronic format. Further, the prothonotary's office is directed to refuse to accept a legal paper not presented in electronic format before either payment or an arrangement for payment has been made by the filing party.

In this matter, there is no dispute that the 60-day window for filing of the certificates of merit in accordance with Pa.R.C.P. 1042.3(a) expired on February 27, 2007. There is also no dispute that Denise Bergen, paralegal for plaintiff's counsel, sent the certificates to the Beaver County Prothonotary's office overnight via Federal Express on February 26, 2007. Further, there is no dispute that the certificates were received by Patricia Spickerman, an employee at the Beaver County Prothonotary's office, on February 27, 2007. Further, there is no dispute that the certificates were rejected because they were not accompanied by a fee for the purpose of uploading the documents to the Lexis-Nexis filing system.

Defendants' argument that the certificates of merit in question were not timely filed because the appropriate filing fee was not included with the documents when they were received by the prothonotary's office is without merit. Contrary to defendants' assertion, the fee of $1 per page is not a filing fee. Defendants argue that Rule 205.2, which governs the filing of legal papers with the prothonotary's office, clarifies that in order for the provisions of the rule overriding the prothonotary's decision

to reject a document to take effect, the filing must comply with the Pennsylvania Rules of Civil Procedure. Rule 205.2 states:

"*Rule 205.2. Filing legal papers with the prothonotary.*

"No pleading or other legal paper that complies with the Pennsylvania Rules of Civil Procedure shall be refused for filing by the prothonotary based on a requirement of a local rule of civil procedure or judicial administration, including local Rules 205.2(a) and 205.2(b)." Pa.R.C.P. 205.2.

The rule specifically states that "no . . . legal paper *that complies with the Pennsylvania Rules of Civil Procedure* shall be refused . . . based on a requirement of a local rule of civil procedure. . . . " The requirement of an inclusion of a fee to upload a legal paper is a requirement based upon our local rule, not the state rule. Therefore, pursuant to Rule 205.2, the certificates of merit in question should not have been refused by the prothonotary.

Moreover, we note that Rule 205.1 provides:

"*Rule 205.1. Filing legal papers. Mailing. Personal presentation by attorney not necessary.*

"Any legal paper not requiring the signature of, or action by, a judge prior to filing may be delivered or mailed to the prothonotary, sheriff or other appropriate officer accompanied by the filing fee, if any. Neither the party nor the party's attorney need appear personally and present such paper to the officer. The signature of an attorney on a paper constitutes a certification of authorization to file it. The endorsement of an address where papers

may be served in the manner provided by Rule 440(a) shall constitute a sufficient registration of address. The notation on the paper of the attorney's current Supreme Court identification number issued by the Court Administrator of Pennsylvania shall constitute proof of the right to practice in the Commonwealth. A paper sent by mail shall not be deemed filed until received by the appropriate officer." Pa.R.C.P. 205.1.

Thus, because the certificates of merit in question did not require a signature by a judge prior to mailing, they were able to be mailed to the prothonotary's office along with the correct filing fee. As noted *supra,* the fee to upload a document is not a filing fee. Thus, the fact that the certificates of merit in question were not accompanied by the fee to upload the certificates into the electronic filing system is not fatal to them having been filed on the date of their receipt by the appropriate officer.

Further, in *Griffin v. Central Sprinkler Corporation,* 823 A.2d 191 (Pa. Super. 2003), the plaintiff's praecipe for writ of summons actually arrived in the prothonotary's office prior to the expiration of the statute of limitations period, but the prothonotary did not time-stamp it until after the statute of limitations period had expired. The Superior Court held that documents mailed to the prothonotary's office are deemed to be filed when received by the proper officer. 823 A.2d at 197. Further, the Superior Court noted: "[t]he time-stamping of the document is nothing more than a ministerial act following the actual filing of the document." *Id.* at 198.

Here, according to the deposition of Patricia Spickerman, an employee of the prothonotary's office, a package was received from plaintiff's counsel at 9:47 a.m. on

February 27, 2007. There is no dispute that the certificates of merit were received by the prothonotary on the sixtieth day after the filing of the complaint. Thus, plaintiff substantially complied with Rule 1042.3(a). Therefore, although plaintiff violated the local rule by not enclosing a service fee with the mailed documents, Plaintiff did not violate any state rule. Thus, we find that plaintiff establishes a reasonable explanation or legitimate excuse for the "delay" in filing the certificates under Rule 3051(b)(2). We deem the certificates of merit to have been filed on February 27, 2007. Since the petition to open was timely filed and the averments in the complaint establish a meritorious cause of action, the petition shall be granted and the judgment of non pros shall be opened.

Accordingly, we enter the following order:

## ORDER

And now, based upon the foregoing opinion, the rule is made absolute, the petition for relief from judgment of non pros is granted and the judgment of non pros is opened.