**Thach v. Abington Memorial Hospital**

*Thomas J. Duffy, Jr. and Jamie L. Zadra*, for plaintiff.
*Ralph A. Michetti, Joseph Leonard Hoynoski, III and E. Chandler Hosmer, IIII*, for defendant.

MASSIAH-JACKSON, *J.*, Sept. 9, 2014—

## I. FACTUAL BACKGROUND and PROCEDURAL HISTORY

In the Spring of 2012, Ms. Lyah H. Thach, a resident of Philadelphia, was 33 years old and 28 weeks pregnant. Amended complaint, paragraphs 1 and 8. On March 8, 2012, Ms. Thach was admitted to Abington Memorial Hospital for several days where she underwent testing, diagnostic imaging, and various treatments. Upon discharge on March 14, 2012, Abington Memorial Hospital provided weekly home healthcare visits from March 15, 2012 through April 17, 2012, in response to the hospital's diagnosis of "strep viridans infective endocarditis with embolic events and CVA secondary to a history of rheumatoid fever, positive mitral valve thickening, and pregnancy." Amended complaint, paragraphs 9 through 17.

On April 17, 2012, Ms. Thach was discharged from home healthcare. On April 18, 2012, Ms. Thach presented to Abington Memorial Hospital with worsening weakness and numbness. She became

unconscious and began seizing. Amended complaint, paragraphs 12 and 24. Ms. Thach has suffered at least two strokes, permanent and irreversible brain damage, Locked-In Syndrome (eye movement only), is fed through a tube, and requires round-the-clock assistance in all activities of daily living. Amended complaint, paragraphs 12, 24 and 26.

As a result of serious and permanent injuries sustained, plaintiff-Thach initiated this medical malpractice civil action against defendant-Abington Memorial Hospital in March, 2014. On April 10, 2014, the attorney for plaintiff-Thach filed a certificate of merit pursuant to Rule 1042.3(a) and Rule 1042.10 of the Pennsylvania Rules of Civil Procedure. One week later a motion and memorandum to strike the certificate of merit was filed by counsel on behalf of Abington Memorial Hospital (Control no. 14042055). Responsive answers and memorandum in opposition to the motion to strike were filed by plaintiff-Thach. On July 10, 2014, this court denied the defendant's motion to strike the plaintiff's certificate of merit and stated in part:

"The certificate of merit filed by the plaintiff on April 10, 2014 is sufficient to support claims of vicarious liability against the defendant."

On August 11, 2014, the defendant-Hospital filed a motion and memorandum, seeking appellate certification that this court's July 10, 2014 order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter. 42 Pa. C.S. §702; Rule 1311 of

the Pennsylvania Rules of Appellate Procedure. (Control no. 14081092).

Following the filing of plaintiff's response in opposition, this court coordinated a telephone conference with counsel on September 4, 2014, seeking, inter alia, clarification of paragraphs 12 through 15 of defendant's motion for appellate certification and pages 4-5 of defendant's memorandum. Counsel for defendant-Hospital did promptly provide written clarification by identifying the medical professionals for whom defendant asserts separate certificates of merit should be filed where as here, the plaintiff based her claim on the vicarious liability of Abington Memorial Hospital. Defendant's letter dated September 4, 2014, states in pertinent part:

"Defendants [sic] request certificates of merit for all identified agents listed in the amended complaint: (1) Victoria Myers, M.D.-OB/GYN; (2) Brad Klein, M.D.-Neurology; (3) Richard Borge, M.D.-Cardiology; (4) Neely Nelson, M.D.-OB/GYN (Resident at the time); (5) Karan Hadley, RN-Home Health Nurse; (6) Bethany Perry, M.D.-OB/GYN; (7) Richela Stoddard, RN-Home Health Nurse; and (8) Frederick Bartlett, M.D.-OB/GYN. If plaintiff is critical of the care provided by Rochelle Krimker, OT and Mary Ann Pritchett, PT, two individuals that plaintiff deposed during venue discovery to secure venue in Philadelphia, certificates of merit should be filed supporting the allegations alleged against Abington Memorial Hospital for their actions. Defendants also request certificates of merit covering

the medical specialties of any unidentified agents the plaintiff deems defendant vicariously liable and for whom the plaintiff's expert has identified as providing negligent care during Lyah Thach's admission to Abington Memorial Hospital on March 8, 2012, following her discharge at her home on Van Kirk Street and during her Abington Memorial Hospital admission beginning April 18, 2012. Defendant can provide samples regarding the certificates of merit for the unidentified agents upon request of the court."

After careful consideration of the issues raised by the parties, the motion of defendant-Hospital to certify for appeal the interlocutory order dated July 10, 2014 is denied.

## II. LEGAL DISCUSSION

A. Defendant-Hospital Has Chosen the Wrong Forum to Seek Changes To the Pennsylvania Rules of Civil Procedure

Rule 1042.3(a)(2) of the Pennsylvania Rules of Civil Procedure was adopted by the Supreme Court of Pennsylvania on January 27, 2003. The form of a certificate of merit is set forth in Rule 1042.10, which was initially adopted by the Supreme Court of Pennsylvania on January 27, 2003. The words are clear and without ambiguity.

If this defendant-Hospital or its counsel propose new forms or new wording or other amendments, the proper forum for such recommendations is the Supreme Court's Civil Procedural Rules Committee. Instead, defendant sets forth in its memorandum dated April

17, 2014, pages 16 through 20, the proposed language for a certificate of merit which does not appear in the Pennsylvania Rules of Civil Procedure and has not been endorsed or adopted by the Supreme Court of Pennsylvania. The Hospital's bald suggestions are not a proper legal basis to support its motion to strike plaintiff-Thach's certificate of merit.

It is not the role of this trial court to second-guess what justice Thomas Saylor termed a "subtext" in Pennsylvania's medical malpractice litigation practice. In his dissenting opinion in *Freed v. Geisinger Medical Center*, 5 A.3d 212 (Pa. 2010), Justice Saylor commented on the relationship of the Supreme Court to the legislature and the certificate of merit requirement. 5 A.3d at 225-228. Clearly, the Supreme Court's Civil Procedural Rules Committee provided the language and template for Rule 1042.10 with a wisdom which far out-weigh's this trial court or the defendant-Hospital.

B. This Trial Court May Not Usurp the Policy Concerns Addressed By the Pennsylvania Supreme Court Since 2003.

Former chief justice Ralph J. Cappy and current chief justice Ronald D. Castille have consistently expressed the expectation that pre-certification of medical malpractice litigation will ensure that the plaintiff in a medical malpractice action has met certain standards to establish a cause of action against the entity against whom a claim is asserted. (Prior to 2003, there were no standards) *See,* court exhibit "A" collectively attached hereto. In this case it is only the named defendant, Abington Memorial Hospital, which is the entity against whom a claim has been

asserted. Defendant-Hospital is alleged to be vicariously liable for actions of several identified and unidentified medical professionals.

Defendant-Hospital contends that because in other cases, certain plaintiffs have filed multiple certificates of merit, then this trial court is bound by those "precedents." This court does not agree. The words of the Supreme Court at Rule 1042.10 requires that the plaintiff name the defendant against whom the claim has been asserted:

> "Certificate of merit as to _____
>
>                     (Name of Defendant)
>
> ....
>
> the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;"

There is no suggestion expressed or implied in the Pennsylvania Rules of Civil Procedure that a plaintiff must file 36 certificates of merit when there is only one defendant. *See*, defendant's memorandum, dated April 17, 2014, page 15.

The policy and rules were adopted as the first step to weed out certain litigation early in the process. Chief justice Cappy provided the background of the Certificate of Merit ("COM") in *Womer v. Hilliker*, M.D., 908 A.2d 269 (Pa. 2006) at 266:

> "The procedure we provided in the professional liability action rules centers on the filing of a COM. On the one hand, the presence in the record of a COM signals to the parties and the trial court that the plaintiff is willing to attest to the basis of his malpractice claim; that he is in a position to support the allegations he has made in his professional liability action; and that resources will not be wasted if additional pleading and discovery take place. *See* Pa.R.C.P. No. 1042.4, Pa.R.C.P. No. 1042.5. On the other hand, the absence from the record of a COM signals to the parties and the trial court that none of this is so and that nothing further should transpire in the action, except for the lawsuit's termination. *See* Pa.R.C.P. No. 1042.6." (footnotes omitted).

The Supreme Court commented that Rule 1042.10 (formerly Rule 1042.8) "displays a sample COM that shows precisely what Rule 1042.3 requires." 908 A.2d at 278:

> "Rule 1042.3 is clear and unambiguous in its mandate that in every professional liability action a specific representation about the plaintiffs claim must be filed in the official record in a document called a 'certificate of merit' at the time the complaint is filed or within sixty days thereafter. Pa.R.C.P. No. 1042.3(a). Pa.R.C.P. no. 1042.8 provides that 'the certificate required for filing by Rule 1042.3(a) shall be substantially in the

following form.....,' and displays a sample COM that shows precisely what Rule 1042.3 requires."

During pre-trial discovery, after expert trial witness reports are exchanged, and, after dispositive motions are ruled on, the parties have continuing opportunities to assess the cause of action. Chief justice Castille commented after ten years of these certification rules that the Supreme Court's Rules of Civil Procedure balanced "new requirements for filing medical malpractice claims with the need for access and fairness in the state court system." *See*, court exhibit "A", June 20, 2014.

C. Notes and Explanatory Comments Have Not Been Adopted By the Supreme Court

Rule 129(e) of the Pennsylvania Rules of Civil Procedure states:

"(e) A note to a rule or an explanatory comment is not a part of the rule but may be used in construing the rule."

*See also, Laudenberger v. Port Authority of Allegheny County*, 436 A.2d 147, 151 (Pa.1981).

Rule 127(b) of the Pennsylvania Rules of Civil Procedure states:

"(b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

In the case at bar defendant-Hospital is faced with Rule 1042.3(a)(2) and Rule 1042.10 which are clear and

free from all ambiguity. This defendant's attempts to add impediments to the litigation only days after the commencement of the civil action and prior to normal pretrial discovery, appear to be a pretext designed to delay Philadelphia Case Management protocols.

## III. CONCLUSION

Only the Supreme Court of Pennsylvania may amend or modify its Rules of Civil Procedure or the policy decisions relating to certificates of merit. Defendant-Hospital has failed to articulate how an immediate appeal will materially advance the ultimate termination of this litigation. For all of the reasons set forth above, the motion of Abington Memorial Hospital for appellate certification of the July 10, 2014 order is denied.

## ORDER

And Now, this 9th day of September, 2014, after consideration of defendant Abington Memorial Hospital's motion to amend this court's order of July 10, 2014, and to certify that the issue involves a controlling question of law as to which there is substantial grounds for difference of opinion and that an immediate appeal from the order may materially advance the ultimate determination of this case, and plaintiff Lyah H. Thach's Response thereto, it is hereby ordered that the defendant's motion is denied.