IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
                                    : No. 37 C.D. 2016
            v.                      : Submitted: July 15, 2016
                                    :
John Jones Jr.,                     :
                                    :
            Appellant               :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED: August 10, 2016


            John Jones Jr. (Jones) appeals *pro se* the order of the Bucks County
Court of Common Pleas (trial court) dismissing his summary appeals and entering
guilty verdicts *in absentia*[1] based on violations of the Bristol Township Ordinance
2002-12, International Property Maintenance Code Sections 302.8.1, 303.2, and
304G2-E.  We remand.

            In July 2013, Jones was charged with ordinance violations relating to
property maintenance, parking motor vehicles on his property, and parking a
recreational vehicle on his property.  On October 2, 2013, following a number of
continuances, Jones was adjudged guilty by the magisterial district court *in*

---

[1] Pa. R.Crim. P. 462(D) states that "[i]f the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the [trial court] on the judgment of the issuing authority."

*absentia* of all charges after he failed to appear for trial, and fines and costs were imposed.[2]

On October 28, 2013, Jones filed a summary appeal of his convictions in the trial court[3] and, following a number of continuances, a trial *de novo* was scheduled before the court on August 28, 2015. When the case was called for trial, the Commonwealth explained that Jones had requested a continuance and had faxed a doctor's note to Court Administration at 9:00 a.m. in support. *See* N.T. 8/28/15[4] at 2. The Commonwealth objected to another continuance "[b]ased on the procedural history of this case and based on the insufficient basis for [Jones'] failure to appear today." *Id.* The trial court disposed of the motion and the trial *de novo* stating:

> THE COURT: All right.
>
> All right. The record should reflect that the fax is from the office of Dr. Patel in Bristol Township, Bucks County, indicating that Mr. Jones, the appellant here who filed the appeal from the proceeding below was seen yesterday as a patient and experienced anxiety as a result

---

[2] *See* Pa. R.Crim. P. 455(A) ("If the defendant fails to appear for trial in a summary case, the trial shall be conducted in the defendant's absence, unless the issuing authority determines that there is a likelihood that the sentence will be imprisonment or that there is other good cause not to conduct the trial in the defendant's absence.").

[3] *See* Pa. R.Crim. P. 460(A) ("When an appeal is authorized by law in a summary proceeding . . . an appeal shall be perfected by filing a notice of appeal within 30 days after the entry of . . . the conviction."); Pa. R.Crim. P. 460(E) ("This rule shall provide the exclusive means of appealing from a summary . . . conviction."); Pa. R.Crim. P. 462(A) ("When a defendant appeals after . . . a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the [trial court] sitting without a jury.").

[4] "N.T. 8/28/15" refers to the transcript of the trial court proceedings.

of his court date.[5] It does not indicate that he has been committed or is undergoing any kind of inpatient treatment; so therefore, he has – Mr. Jones. John Jones – he has failed to appear.

Based on the procedural history of this case and based on the insufficient basis for his failure to appear today, I will incorporate the information that was contained in the file that will be the factual basis for any determination. I find him guilty in absentia.

*Id.* at 3-4. Jones then filed the instant appeal to the Superior Court that was later transferred to this Court.

On September 29, 2015, the trial court issued an order directing Jones "to file of record" within 21 days a Concise Statement of Errors Complained of on Appeal (Concise Statement) pursuant to Pa. R.A.P. 1925(b)[6] and to serve the

---

[5] The fax is dated August 27, 2015, and indicates that it was faxed at 8:50 p.m. that evening to an employee in the Bucks County Justice Center. Notice of Appeal at 2. It is signed by Rajani J. Patel, M.D., and states the following, in relevant part:

> The above named patient was seen in office today. Please extend his court date 30 days due to [the patient being] unable to cope [with] stress due to [increased] anxiety and depression. This will be my final letter to the courts on this matter. [If there are a]ny questions don't hesitate to call my office.

*Id.*

[6] Pa. R.A.P. 1925(b)(1) and (2) states, in pertinent part:

> If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> (1)  *Filing and service.*—Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record

**(Footnote continued on next page…)**

3

Concise Statement on the court and the Commonwealth in person or by mail as provided in Pa. R.A.P. 121. On October 23, 2015, the trial court issued a Pa. R.A.P 1925(a) opinion in which the court explained that Jones' appeal should be dismissed because he waived all appellate claims by failing to file a Concise Statement as directed by the Court.

On October 26, 2015, Jones filed a Docketing Statement in the Superior Court which appended a Concise Statement that is time-stamped as received by the Prothonotary of Bucks County on October 19, 2015. The Concise Statement asserts that it was hand delivered to the trial court and "to the involved parties" and raises a number of allegations of trial court error including those raised in this appeal. On December 23, 2015, Jones filed a copy of the Docketing Statement with the appended Concise Statement in this Court. As a result, on February 2, 2016, we issued the following Order:

---

**(continued…)**

> and service on the judge shall be in person or by mail as provided in Pa. R.A.P. 121(a). . . . Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa. R.A.P. 121(a).
>
> (2) *Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry upon the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

4

[U]pon review of the above-captioned action, the parties' principal briefs on the merits shall address the trial court's assertion the [Jones] has waived all issues on appeal based on the failure to file a [Concise Statement] pursuant to Pa. R.A.P. 1925(b) and as directed in the trial court's order of September 29, 2015.

In his brief to this Court, Jones raises a number of claims of trial court error relating to the denial of his continuance request and its purported bias. Jones also contends that he timely filed and served his Concise Statement as the trial court directed in its order. The Commonwealth counters that Jones has waived his appeal by failing to properly file a Concise Statement. The Commonwealth asserts that Jones should have filed the Concise Statement with the Bucks County Clerk of Courts, and not the Prothonotary, because that was where he filed the summary appeal of his convictions.[7] The Commonwealth also argues that the Concise Statement fails to adequately identify the issues that he seeks to raise on appeal. As a result, the Commonwealth submits that Jones has waived all claims and that his appeal should be dismissed. In the alternative, the Commonwealth argues that Jones' substantive claims are without merit.[8]

The Pennsylvania Supreme Court has explained:

[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a [Concise Statement] pursuant to Pa. R.A.P. 1925(b). Any issues not raised in a Pa. R.A.P. 1925(b) statement will be deemed waived.

---

[7] *See* Pa. R.Crim. P. 460(A) ("The notice of appeal shall be filed with the clerk of courts.").

[8] The Commonwealth also asserts that the trial court did not have jurisdiction over Jones' summary appeal because it was untimely filed. However, the certified record shows that Jones filed the summary appeal in the trial court on October 28, 2013, within 30 days of his convictions in magisterial district court on October 2, 2013.

*Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (citation omitted). Here, Jones contends that he timely filed and served the Concise Statement as the trial court directed and the Commonwealth claims otherwise. Pa. R.A.P. 1925(c)(1)[9] permits this Court to remand an action for a determination of whether the Concise Statement was, in fact, timely filed and served.[10] Further, upon application, the trial court may allow the filing of a Concise Statement *nunc pro tunc*.[11]

Accordingly, the case is remanded to the trial court for proceedings consistent with the foregoing opinion.

_____
MICHAEL H. WOJCIK, Judge

_____

[9] Pa. R.A.P. 1925(c)(1) states, "An appellate court may remand in either a civil or criminal case for a determination as to whether a Statement had been filed and/or served or timely filed and/or served."

[10] *See also Berg v. Nationwide Mutual Insurance Company, Inc.*, 6 A.3d 1002, 1008 (Pa. 2010) (plurality) ("The equitable doctrine of substantial compliance gives a court latitude to overlook a procedural defect that does not prejudice a party's rights. In *Womer v. Hilliker*, [908 A.2d 269 (Pa. 2006)], we noted that 'while we look for full compliance with the terms of our rules, we provide a limited exception under [Pa. R.C.P. No.] 126 to those who commit a misstep when attempting to do what any particular rule requires.' *Id.* at [276]. We find that Appellants' counsel, by attempting to provide the prothonotary with two time-stamped copies of Appellants' 1925(b) Statement, with one to be served on the trial judge, substantially complied with the trial court's order to 'file with the Court and a copy with the trial judge' their 1925(b) Statement. Appellants should not be penalized by the prothonotary's refusal to accept other than the original copy of the 1925(b) Statement from Appellants' counsel.") (footnote omitted).

[11] *See* Pa. R.A.P. 1925(b)(2) ("In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
                                 : No. 37 C.D. 2016
                    v.           :
                                 :
John Jones Jr.,                  :
                                 :
              Appellant          :

O R D E R

AND NOW, this 10<u>th</u> day of <u>August</u>, 2016, the above-captioned matter is remanded to the Bucks County Court of Common Pleas (trial court) for a determination as to whether John Jones Jr. (Jones) filed and/or served or timely filed and/or served a Concise Statement of Matters Complained of on Appeal (Concise Statement) pursuant to Pa. R.A.P. 1925. If the trial court determines that Jones did not file and/or serve, or timely file and/or serve, a Concise Statement, the trial court shall remit the original record to this Court, including its ruling on this issue, within 60 days of the date of this Order. If the trial court determines that Jones did file and/or serve, or timely file and/or serve, a Concise Statement, the trial court shall remit the original record, including the Concise Statement and its corresponding Pa. R.A.P. 1925(a) Opinion addressing the issues raised therein, to this Court within 90 days of the date of this Order.

The Chief Clerk shall send a copy of this Order to the Honorable Diane E. Gibbons, Judge of the Bucks County Common Pleas Court, to the Bucks County Clerk of Courts, and to the Bucks County Prothonotary.

Jurisdiction is retained.

_____
MICHAEL H. WOJCIK, Judge