J-A25016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSEPH W. PILCHESKY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARYLOU RAINONE, D.O.; | : | No. 57 MDA 2019 |
| GEISINGER GENERAL SURGERY | : | |
| POTTSVILLE, A/K/A GEISINGER | : | |
| MEDICAL CENTER, GEISINGER | : | |
| HEALTH, GEISINGER HOSPITAL | : | |
| AND/OR GEISINGER MEDICAL | : | |
| GROUP | : | |

Appeal from the Order Entered November 27, 2018
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s):  S-1857-17

BEFORE:  STABILE, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED FEBRUARY 18, 2020**

Joseph W. Pilchesky appeals from the order sustaining the Preliminary Objections of above-captioned Defendants and dismissing his medical malpractice case with prejudice. Pilchesky argues that the court erred in sustaining Defendants' Preliminary Objections on the basis that Pilchesky failed to file a valid certificate of merit. We affirm.

Pilchesky, who has represented himself throughout this action, filed a Complaint against Dr. Marylou Rainone alleging that in February 2014, Dr. Rainone negligently performed a dual hernia repair surgery. The surgery involved implanting mesh in Pilchesky's groin area. Pilchesky claimed that in

December 2017, his 2014 hernia surgery failed, and he underwent a second, emergency surgery to his right groin area. This latter surgery was performed by a Dr. Hughes.

Dr. Rainone filed a notice of intention to enter a judgment of *non pros* due to Pilchesky's failure to file a certificate of merit. ***See*** Pa.R.C.P. 1042.3; 1042.6. Pilchesky then filed a certificate of merit in which he stated that expert testimony was unnecessary to prosecute his claim. ***See*** Pa.R.C.P. 1042.3(a)(3). The certificate of merit was not signed by an attorney, and was not accompanied by a written statement from a licensed professional. ***See*** Pa.R.C.P. 1042.3(e).

Pilchesky thereafter filed an Amended Complaint, Second Amended Complaint, and Third Amended Complaint. In the Third Amended Complaint, Pilchesky repeated his claims of medical malpractice against Dr. Rainone. Pilchesky also put forth negligence claims against Geisinger General Surgery Pottsville, a.k.a. Geisinger Medical Center, Geisinger Health, Geisinger Hospital, and/or Geisinger Medical Group ("Geisinger"). Pilchesky alleged Geisinger was Dr. Rainone's employer, and "acted by and through its agent, ostensible agent, servant, and/or employee, Marylou Rainone, D.O., in providing . . . medical services to Pilchesky," and that Geisinger "is vicariously

responsible for the actions of its agent, Marylou Rainone, D.O." Third Amended Complaint at ¶ 59, 65, 67.[1]

Defendants filed Preliminary Objections to the Third Amended Complaint. In pertinent part, Defendants demurred to the Third Amended Complaint because Pilchesky had failed to file a certificate of merit accompanied by a statement by a licensed medical professional supporting his claim. Pilchesky filed an Answer to the Preliminary Objections, arguing a statement by a medical professional was unnecessary because he intended to introduce into evidence the medical reports of Dr. Rainone and Dr. Hughes, and to call them as trial witnesses.

The trial court issued an order overruling Defendants' objection regarding Pilchesky's failure to file a certificate of merit. The order stated Defendants had failed to follow the procedure established by Pa.R.C.P. 1042.3(e), which requires defendants to seek a *non pros* when a plaintiff does not file a certificate of merit accompanied by a written statement by an appropriate licensed professional. ***See*** Order, 7/20/18, at ¶ 1.

However, at a subsequent hearing on the remaining preliminary objections, the court questioned Pilchesky regarding his certificate of merit. Pilchesky "informed the [c]ourt that he had been attempting to get in contact with Dr. Hughes, the surgeon who performed the second emergency repair

---

[1] Pilchesky also alleged Dr. Rainone was negligent for failing to perform pre-operative testing that would have revealed heart blockages that could have been fatal during his first hernia surgery. The court sustained Defendants' demurrer to this count, and Pilchesky has not appealed that ruling.

hernia surgery, but that the doctor was not responding." Trial Court Opinion ("Tr. Ct. Op."), filed 2/15/19, at 7; *see also* N.T., 9/5/18, at 3, 7-8. Pilchesky told the court that he "was not certain whether his case fell under any exception which would excuse the lack of a certificate of merit," and "he did not know what exceptions might apply, and he did not have the current Rules of Civil Procedure." Tr. Ct. Op. at 7; *see also* N.T. at 5.

The court informed Pilchesky that he would need to file a certificate of merit accompanied by a statement by a licensed professional in order to proceed with his medical malpractice action, and that the court would give him an addition 45 days to file one. Pilchesky responded that 45 days "was enough time for him to do so," and said, "That's a fair amount of time." Tr. Ct. Op. at 8; N.T. at 7. Pilchesky reminded the court that it had previously been of the opinion "that the preliminary objections was the wrong procedure to attack the lack of a Certificate of Merit," and that Defendants should file a praecipe for a judgment of *non pros*, after which Pilchesky "would respond accordingly." N.T. at 7. The court responded that because he was present at the hearing on the preliminary objections, Pilchesky was aware of the issue, and the court was giving Pilchesky extra time to file a new certificate of merit. *Id.* Pilchesky responded, "I will do my best." *Id.* The court also advised Pilchesky to hire legal representation. *Id.* at 8-9.

The court memorialized its decision by issuing a written order on September 7, 2018, directing Pilchesky to file a certificate of merit by October 22, 2018, 45 days later. The order stated, "In the event [Pilchesky] is unable

to comply with this requirement, the court may at that time grant Defendants' preliminary objection [and dismiss] the case with prejudice." Order, 9/7/18, at 1. The order also stated that the court had "advised the parties that [it] would treat the preliminary objection regarding the Certificate of Merit to comply with [Rule Pa.R.C.P. 1042.3]." *Id.* at 1 n.1.

Pilchesky did not file a new certificate of merit. More than a month after the October 22 deadline had passed, the court entered an order sustaining Defendants' demurrer to Pilchesky's Third Amended Complaint and dismissing the case with prejudice.

Pilchesky appealed, and raises the following issues:

> 1. Did the trial court abuse its discretion in dismissing the Third Amended Complaint against [Dr. Rainone, a] licensed professional defendant, a doctor, for [Pilchesky's] failure to file a Certificate of Merit?
>
> 2 Did the trial court err at law in dismissing the Third Amended Complaint against [Geisinger], a non-licensed professional defendant, a medical business, for the want of [Pilchesky] filing a Certificate of Merit?
>
> 3. Did [Rainone/Geisinger] waive their argument that Pilchesky failed to file a Certificate of Merit?

Pilchesky's Br. at 4.[2]

---

[2] Pilchesky's brief is not organized into sections corresponding to his questions presented, in contravention of Pa.R.A.P. 2119(a). We do not believe this failing has hindered our ability to consider Pilchesky's arguments, and we therefore do not find waiver. However, to the extent we have misunderstood or failed to consider any argument, Pilchesky has waived it by failing to comply with Rule 2119(a).

## I. Certificate of Merit

Pilchesky argues the court erred in requiring him to file a certificate of merit accompanied by a written statement by a medical professional. Pilchesky argues he could prove his claims without providing his own expert, by cross-examining Dr. Rainone, admitting Dr. Hughes' medical report into evidence, and securing Dr. Hughes' testimony through a subpoena. Pilchesky's Br. at 13-15. In the alternative, Pilchesky argues expert testimony is not required to prove his case, because his hernia operation was not so complicated that laypersons would not understand the negligent aspects of a mesh hernia surgery gone wrong. *Id.* at 14, 20. Pilchesky also posits that his allegations satisfy the elements of *res ipsa loquitur*. *Id.* at 20-22. Pilchesky tangentially argues he substantially complied with the Rules by filing a certificate of merit stating his belief that no expert testimony was necessary. *Id.* at 18.

Interpretation of the Rules of Civil Procedure involves a question of law. We thus employ a *de novo* standard of review. ***Bruno v. Erie Ins. Co.***, 106 A.3d 48, 73 (Pa. 2014).

Rule 1042.3 of the Rules of Civil Procedure requires that "[i]n any action based upon an allegation that a licensed professional deviated from an acceptable professional standard," the plaintiff or plaintiff's attorney must file a certificate of merit within 60 days of filing the complaint. Pa.R.C.P. 1042.3(a). The certificate of merit must state one of three things: (1) an appropriate licensed professional has supplied a written statement that the

conduct described in the complaint fell outside acceptable professional standards and caused the plaintiff's harm; (2) the claim against the defendant is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard; or (3) the expert testimony of a licensed professional is unnecessary for the prosecution of the claim. ***Id.*** at (a)(1)-(3).

However, if the certificate of merit is not signed by an attorney, the plaintiff must attach a written statement from an appropriate licensed professional supporting the claim. ***Id.*** at (e). Thus, reading subsections (a)(2) and (e) together, the certificate of merit must include a statement from a licensed professional unless **an attorney** certifies that expert testimony is unnecessary; the Rule does not allow a *pro se* party to certify that expert testimony is unnecessary. Pa.R.C.P. 1042.3(a)(2) & (e). As an attorney did not sign Pilchesky's certificate of merit, the court did not err in requiring Pilchesky to file a new certificate of merit accompanied by a written statement by a licensed medical professional. Pilchesky's arguments that he could prosecute his claim without expert testimony are beside the point.

Furthermore, Pilchesky may not rely on expert reports to satisfy the certificate of merit requirement or to claim substantial compliance with the Rule. ***See Womer v. Hilliker***, 908 A.2d 269, 278 n.10 (Pa. 2006). Nor do we consider Pilchesky's assertions that he will rely on the trial testimony of Dr. Rainone or Dr. Hughes to be substantial compliance. The Rule does not allow a *pro se* plaintiff simply to identify an expert; it requires a written statement

by that expert supporting the plaintiff's claim. ***See Womer***, 908 A.2d at 275–76. In addition, Pilchesky cannot force Drs. Rainone and Hughes to testify as medical experts against their will. ***See Boucher v. Pa. Hosp.***, 831 A.2d 623, 632 (Pa.Super. 2003). The court did not err in requiring Pilchesky to file a certificate of merit accompanied by a written statement by an appropriate licensed professional.

## II. Vicarious Liability

Pilchesky next argues the court erred in dismissing his claims against Geisinger because he did not file a valid certificate of merit. Pilchesky's Br. at 23-24. Pilchesky argues that the Rules do not require him to file a certificate of merit in relation to his claims against Geisinger, because he is not asserting a professional liability claim against Geisinger, but rather a vicarious liability claim. ***Id.***

A plaintiff whose claim against a defendant "is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard" may file a certificate of merit stating that such is the case. Pa.R.C.P. 1042.3(a)(2). However, the plaintiff must also file a certificate of merit as to the other licensed professional for whom the defendant is allegedly responsible. ***Id.***, *Note*.

Pilchesky's Third Amended Complaint alleged that Geisinger was vicariously responsible for Dr. Rainone's negligence as a licensed professional. Pilchesky was therefore required to file a certificate of merit stating that his

claim against Geisinger was based on allegations that a licensed professional for whom Geisinger was responsible (*i.e.*, Dr. Rainone) deviated from an acceptable professional standard, as well as a valid certificate of merit as to Dr. Rainone. As Pilchesky did not comply with these requirements, no relief is due.

### III. Waiver

Pilchesky argues Defendants waived their objection to his failure to file a valid certificate of merit, because Defendants never sought judgment *non pros*. Pilchesky's Br. at 15-16, 25.[3] Pilchesky offers no authority to support this proposition, and we have found none. Insofar as Pilchesky maintains he is due relief because the court sustained Defendants' demurrer, rather than requiring Defendants to seek judgment *non pros*, we conclude no relief is due for two reasons.

First, Pilchesky did not preserve this issue below. When Defendants filed Preliminary Objections raising the lack of a valid certificate of merit, Pilchesky did not raise it either by filing Preliminary Objections to the Preliminary Objections, or in his Response to Defendants' Preliminary Objections. Rather, Pilchesky's Response only addressed the requirement that he supply a written statement by a medical professional. Although Pilchesky briefly raised the

---

[3] Pilchesky argues for the first time on appeal that the court violated the doctrine of *res judicata* by first dismissing Defendants' preliminary objections because they failed to seek a *non pros*, and later ruling in Defendants' favor on this issue on subsequent Preliminary Objections. Pilchesky's Br. at 25-26. As Pilchesky did not argue *res judicata* to the trial court, and presents no supporting authority in his brief, he has waived this issue.

question at the hearing on the Preliminary Objections, he ultimately acquiesced to the court's requiring a certificate of merit. *See Commonwealth v. Hewlett*, 189 A.3d 1004, 1010 (Pa.Super. 2018) (holding acquiescence in ruling waived challenge to it on appeal). When the court stated that it would give him additional time to file a certificate of merit, Pilchesky made no argument that the court could not require him to do so unless Defendants sought a judgment of *non pros*. Instead, Pilchesky agreed to file a new certificate of merit before the deadline set by the court. An appellant may not raise new legal theories on appeal, and we consider the issue waived. *Andrews v. Cross Atl. Capital Partners, Inc.*, 158 A.3d 123, 130 (Pa.Super. 2017) (*en banc*).

Second, and equally important, Pilchesky fails to argue how he was prejudiced by the court's decision to dismiss his case on Preliminary Objections, rather than require Defendants to seek a *non pros*. Pilchesky does not argue that had the court required Defendants to seek judgment *non pros*, he would have complied with the certificate of merit requirement in the interim, or sought more time in which to comply. Nor does Pilchesky argue that if the court had entered a judgment of *non pros*, he would have successfully sought to open judgment. We therefore consider any procedural error in ruling on the issue on preliminary objections to be at most harmless error. We therefore affirm the order of the trial court granting Defendants' Preliminary Objections and dismissing this action with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>02/18/2020</u>